LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs,*
*and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

HAROLD KING
*on behalf of himself, FLSA Collective Plaintiffs, and the Class,*

                Plaintiff,

v.

FEDCAP REHABILITATION SERVICES, INC.,
and WILDCAT SERVICE CORPORATION,

                Defendants.

**COLLECTIVE ACTION COMPLAINT**

**Jury Trial Demanded**

Plaintiff, HAROLD KING ("Plaintiff"), on behalf of himself, FLSA Collective Plaintiffs, and Class Members, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants FEDCAP REHABILITATION SERVICES, INC. and WILDCAT SERVICE CORPORATION ("Defendants"), and state as follows:

### INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime compensation resulting from time shaving, (2) unpaid overtime

1

compensation due to an impermissible policy of rounding hours down ~~down~~, (3) liquidated damages, and (4) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime compensation resulting from time shaving, (2) unpaid overtime compensation due to an impermissible policy o~~r rounding hours down~~f rounding hours down, (3) unpaid spread of hours premium (4) statutory penalties, (5) liquidated damages, and (6) attorneys' fees and costs.

3.   Plaintiff further alleges that, pursuant to New York State Human Rights Law N.Y. Exec. Law § 296 ("NYSHRL"), Plaintiff is entitled to recover from Defendants for racial discrimination: (1) back wages and (2) compensatory damages.

~~3.~~4. Plaintiff further alleges that, pursuant to New York City Human Rights Law Administrative Code of City of NY § 8-107 ("NYCHRL"), Plaintiff is entitled to recover from Defendants for racial discrimination: (1) back wages, (2) compensatory and punitive damages and (3) attorneys' fees and costs.

## JURISDICTION AND VENUE

~~4.~~5. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337, and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

~~5.~~6. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

~~6.~~7. Plaintiff, HAROLD KING, for all relevant time periods, was a resident of Kings County, New York.

7.8. Defendants operate a recruiting not-for-profit company for job insertion of New York City ex-offenders, disconnected youth, and public assistance recipients.

8.9. Corporate Defendants:

   a. FEDCAP REHABILITATION SERVICES, INC., is a domestic not-for-profit corporation organized under the laws of the State of New York and an address for service of process located at 633 Third Avenue, 6th Floor, New York, NY 10017.

   b. WILDCAT SERVICE CORPORATION is a domestic not-for-profit corporation organized under the laws of the State of New York and an address for service of process located at 633 Third Avenue, 6th Floor, New York, NY 10017.

9.10. At all relevant times, each of Defendants FEDCAP REHABILITATION SERVICES, INC. and WILDCAT SERVICE CORPORATION were and continue to be an "enterprise engaged in commerce", within the meaning of the FLSA.

10.11. At all relevant times, each of the work performed by Plaintiff, FLSA Collective Plaintiffs, and Class Members was directly essential to the business operated by Defendants.

11.12. Combined, Defendants FEDCAP REHABILITATION SERVICES, INC. and WILDCAT SERVICE CORPORATION run a job recruiting and placement nonprofit company in NYC

12.13. Defendants, through their Managers or their delegates, conveying Defendants instructions:

   a) Enroll Plaintiff, FLSA Collective Plaintiffs, and Class Members in a job insertion program managed by Defendants.

   b) After offering Plaintiff, FLSA Collective Plaintiffs, and Class Members training with basic working skills (such as MS Office, cleaning, cooking, among others),

        Defendants proceed to contact their partnered corporations in order to find available entry level job positions for Plaintiff, FLSA Collective Plaintiffs, and Class Members.

    c) Even though Plaintiff, FLSA Collective Plaintiffs, and Class Members are performing work for a third-party company, Defendants manage the payroll and are in charge of administering Plaintiff, FLSA Collective Plaintiffs, and Class Members wages and compensations.

    d) All Plaintiffs received their paystub and paychecks directly from Defendants,

    e) Thus, Defendants are Plaintiff, FLSA Collective Plaintiffs, and Class Members employers.

13.14.  Corporate Defendants are properly named on the basis of their outstanding liability to the Class Members for whom Plaintiff seeks to represent.

## FLSA COLLECTIVE ACTION ALLEGATIONS

14.15.  Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees that where employed by FEDCAP REHABILITATION SERVICES, INC under their job placement programs on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

15.16.  At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them over time compensation at the rate of one and one half times the regular rate for work in

excess of forty (40) hours per workweek and spread of hours premium for work shifts exceeding ten (10) hours, all of this due to improper time shaving. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

~~16.~~17. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

### RULE 23 CLASS ALLEGATIONS – NEW YORK

~~17.~~18. Plaintiff further brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees that where employed by FEDCAP REHABILITATION SERVICES, INC under their job placement program on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

~~18.~~19. All said persons, including Plaintiff, are referred herein as the "Class." The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

~~19.~~20. The proposed Class is so numerous such that a joinder of all Members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the

calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) Members of the Class.

20.21.  Plaintiff's claims are typical of those claims that could be alleged by any Member of the Class, and the relief sought is typical of the relief that would be sought by each Member of the Class in separate actions. All the Class Members were subject to the same corporate practices of Defendants. Defendants' policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and wrongful acts as to each Class Member. Plaintiffs and other Class Members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures, all culminating in a willful failure to (i) pay employees overtime premiums (ii)  pay employees for off the clock work (iii) pay employees spread of hours premiums, and (iv) provide them with wage and hour notice upon hiring and annually thereafter.

21.22.  Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

22.23.  A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual Class Members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries, and damages suffered by each of the individual Class Members are small

in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual Members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual Members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

23.24.  Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

24.25.  There are questions of law and fact common to the Class which predominate over any questions affecting only individual Class Members, including:

  a) Whether Defendants employed Plaintiffs and the Class within the meaning of the New York law;

b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class Members properly;

c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class Members for their work;

d) Whether Defendants provided to Plaintiff and Class Members proper wage and hour notice, at date of hiring and annually, per requirements of the New York Labor Law; and,

e) Whether Defendants provided to Plaintiff and Class Members proper wage statements with each payment of wages as required by New York Labor Law.

## STATEMENT OF FACTS

~~25.~~26. Plaintiff HAROLD KING was hired by Defendants' FEDCAP REHABILITATION SERVICES, INC. to perform work for third party companies under Defendant's job placement program in or around January 2014.

~~26.~~27. Through his employment, Plaintiff worked for FEDCAP REHABILITATION SERVICES, INC with different titles and schedules, mostly as a laborer. The last position he had under Defendant's program was as a Maintenance Worker.

~~27.~~28. For his last position, Plaintiff's schedule was six days per week from 7:00 AM to 4:30 PM for at least fifty-seven (57) hours per week.

~~28.~~29. Plaintiff's last compensation was $19.31 per hour. Plaintiff's entire payment was paid with checks. Similarly, FLSA Collective Plaintiffs and Class Members were also paid by Defendants with checks only.

29.30.  Even though Plaintiff was performing tasks for different entities that had a pact with Defendants reinsertion programs, Plaintiff's payroll, timesheets, paystubs, and other work related documents were directly under Defendants supervision and control, and Defendant was the one that established Plaintiff's wages, pay methods, and working time. For those reasons, according to the FLSA regulations, Defendant is the sole employer of Plaintiff, FLSA Collective Plaintiffs, and the Class.

During Plaintiff's employment, a designated supervisor kept track of Plaintiff's time records by writing Plaintiff's worked hours on a notebook. Afterwards, all handwritten data was sent to FEDCAP REHABILITATION offices to produce the respective payrolls. Defendants subjected Plaintiff to an impermissible and non-neutral rounding policy whereby daily hours worked were rounded down to the hour for purposes of calculating compensation. This policy of rounding down hours resulted in Plaintiff being compensated for less regular and overtime hours than they actually worked. Likewise, FLSA Collective Plaintiffs and Class Members were subject to this rounding policy and suffered uncompensated regular and overtime hours as a result.

30.31.  Plaintiff's hours were rounded down every week. Accordingly, FLSA Collective Plaintiffs and Class Members received the same wrongful time down rounding.

31. Additionally, after Plaintiff's hours were written down, he was requested to continue working for at least four more hours. These extra worked hours were never corrected in the notebook or the official payroll. As a result, Plaintiff suffered from unpaid wages due to time shaving, as he regularly worked four more hours than what is documented in the records.

32. Plaintiff was required to work throughout his shifts without any meal breaks. Despite Plaintiff not having any breaks throughout the entirety of his shift, Defendants automatically deducted an hour from Plaintiff's wages, resulting in unpaid regular and overtime wages. FLSA

Collective Plaintiffs and Class Members were similarly required to work throughout their shifts without breaks and were similarly subject to an automatic hour deduction and suffered unpaid regular and overtime wages.

During his employment by Defendants, Plaintiff regularly worked shifts exceeding ten (10) hours in duration. However, he never received any spread of hours premium for working such shifts, as required under the NYLL. Similarly, Class Members regularly worked shifts exceeding ten (10) hours in duration, but were never paid spread of hours premium.

~~32.~~ 33.

34. Defendants failed to maintain proper employment records, as required by the FLSA and NYLL. At all relevant times, Defendants provided fraudulent wage statements to Plaintiff, which failed to accurately show the number of hours worked by Plaintiff in a given workweek. Class Members received similar fraudulent wage statements due to Defendants' policy of time shaving.

35. Defendants never provided Plaintiff and Class Members with proper wage notices, as required by the NYLL.

36. Defendants knowingly and willfully operated their business with a policy of failing to pay Plaintiff, FLSA Collective Plaintiffs and Class members for all hours worked due to a policy of time-shaving, in violation of the FLSA and NYLL.

37. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the NYLL.

38. Defendants knowingly and willfully failed to provide proper wage and hour notice to employees at the beginning of employment and annually thereafter pursuant to the requirements of the NYLL.

39. During Plaintiff HAROLD KING's employment by Defendants, Defendants permitted managerial employees to foster a racially hostile work environment. The supervisors at the maintenance company created a hostile environment and discriminated against Plaintiff HAROLD KING on the basis of his race. Plaintiff is an African American male.

40. In or around October 2018, Manager "Veto" (Last Name Unknown) began taunting Plaintiff HAROLD KING with racially charged insults such as, "Nigger," "Jailbird," and an assortment of other racially derogatory comments. Plaintiff noticed that Manager "Veto" was inebriated during the incident. When Plaintiff complained about this to the company, his treatment at work deteriorated further, and he was eventually terminated.

~~33. During Plaintiff's employment, he worked more than forty (40) hours per week, fact that was not only improperly recorded, it also caused that Plaintiff received no overtime premium compensations of one and a half times his hourly wage. Likewise, Class Members never received proper wage and hour notices upon hiring or upon changes in the information on the notice.~~

~~34.~~1. ~~Defendants subjected Plaintiff to an impermissible and non-neutral rounding policy whereby daily hours worked were rounded down to the hour for purposes of calculating compensation. This policy of rounding down hours resulted in Plaintiff being compensated for less regular and overtime hours than they actually worked. Likewise, FLSA Collective Plaintiffs and Class Members were subject to this rounding policy and suffered uncompensated regular and overtime hours as a result.~~

~~**DEFENDANTS FAILED TO PAY SPREAD OF HOURS PREMIUM FOR SHIFTS EXCEEDING 10 HOURS IN DURATIONS TO PLAINTIFF OR CLASS MEMBERS**~~

~~35.~~1. ~~During his employment by Defendants, Plaintiff regularly worked shifts exceeding ten (10) hours in duration. However, he never received any spread of hours premium for working~~

11


~~such shifts, as required under the NYLL. Similarly, Class Members regularly worked shifts exceeding ten (10) hours in duration, but were never paid spread of hours premium.~~

~~**DEFENDANTS VIOLATED THE WAGE-AND-HOUR NOTICE AND WAGE STATEMENT REQUIREMENTS WITH RESPECT TO PLAINTIFF AND CLASS MEMBERS**~~

~~36. During his employment by Defendants, Plaintiff never received a proper wage and hour notice upon hiring or upon changes in the information on the notice, as required under the NYLL. In fact, Plaintiff was never provided with any wage and hour notices by Defendants. Similarly, Class Members never received proper wage and hour notices upon hiring or upon changes in the information on the notice.~~

~~37. During his employment by Defendants, Plaintiff never received a proper wage statement. In fact, Defendants never provided Plaintiff with any wage statements during his employment. Similarly, Class Members never received proper wage statements.~~

~~38. Defendants unlawfully failed to provide Plaintiff and Class Members with wage and hour notices upon hiring, as required under the NYLL.~~

~~39.~~41. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class Members in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFF AND FLSA COLLECTIVE PLAINTIFFS

40.42. Plaintiff realleges and reavers Paragraphs 1 through 4138 of this class and collective action Complaint as if fully set forth herein.

41.43. At all relevant times, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

42.44. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

43.45. At all relevant times, the Corporate Defendant had gross annual revenues in excess of $500,000.00.

44.46. At all relevant times, Defendants engaged in a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs and FLSA Collective Plaintiffs for all hours worked in excess of forty hours per workweek.

45.47. At all relevant times, the Defendants engaged in a policy and practice of refusing to pay spread of hour premiums resulting from time shaving.

46.48. Plaintiff is in possession of certain records concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs. Further records concerning these matters should be in the possession and custody of the Defendants. Plaintiff intends to obtain all records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

47.49. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

48.50. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

49.51. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime wages and spread of hours premium resulting of off-the-clock work, plus an equal amount as liquidated damages.

50.52. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW ON BEHALF OF PLAINTIFF AND CLASS MEMBERS

51.53. Plaintiff realleges and reavers Paragraphs 1 through 5249 of this class and collective action Complaint as if fully set forth herein.

52.54. At all relevant times, Plaintiff and Class Members were employed by the Defendants within the meaning of the New York Labor LawNYLL, §§2 and 651.

53.55. Defendants willfully violated Plaintiff's and Class Members' rights by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

54.56. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them spread of hours premium for working shifts in excess of ten (10) hours in duration.

55.57. Defendants willfully violated Plaintiff's and Class Members' rights by not proportioning proper break time.

~~56.~~58. Defendants failed to properly notify employees of their hourly pay rate and overtime rate, in direct violation of the NYLL~~New York Labor Law~~.

~~57.~~59. Defendants failed to provide a proper wage and hour notice, at the date of hiring and annually, to all non-exempt employees per requirements of the NYLL~~New York Labor Law~~.

60. Due to the Defendants' NYLL~~New York Labor Law~~ violations, Plaintiff and Class Members are entitled to recover from Defendants their unpaid overtime and spread of hours premiums caused for unpaid off-the-clock work, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to NYLL~~New York Labor Law~~.

## COUNT III

## VIOLATION OF THE NEW YORK STATE HUMAN RIGHTS LAW

61. Plaintiff realleges and reavers Paragraphs 1 through 60 of this Class and Collective Action Complaint as if fully set forth herein.

62. The New York State Human Rights Law ("NYSHRL") prohibits discrimination in the terms, conditions, and privileges of employment, and the retaliation thereof, on the basis of an individual's race.

63. Plaintiff is an employee and a qualified person within the meaning of NYSHRL and Defendants are covered employers under the NYSHRL.

64. Defendants operated a business that discriminated against Plaintiff in violation of the NYSHRL by subjecting Plaintiff to a hostile work environment, in the form of failing to address the constant harassment and abuses made against Plaintiff on the basis of his race, and by terminating Plaintiff's employment.

65. Defendants' conduct was intentional, malicious and in reckless disregard of Plaintiff's

protected rights under the New York Executive Law § 296.

66. As a result of Defendants' unlawful discriminatory practices, Plaintiff sustained injury, including economic damages and past and future physical and emotional distress.

67. Due to Defendants' violations under the NYSHRL, Plaintiff is entitled to recover from Defendants: (1) back pay and (2) compensatory damages.

## COUNT IV

## VIOLATION OF THE NEW YORK CITY HUMAN RIGHTS LAW

68. Plaintiff realleges and reavers Paragraphs 1 through 67 of this Complaint as if fully set forth herein.

69. The New York City Human Rights Law ("NYCHRL") prohibits discrimination in the terms, conditions, and privileges of employment, and the retaliation thereof, on the basis of an individual's race.

70. Defendants have and have had at all relevant times herein, at least four (4) persons in their employ. Plaintiff is an employee and a qualified person within the meaning of NYCHRL and Defendants are covered employers under the NYCHRL.

71. Defendants operated a business that discriminated against Plaintiff in violation of the NYCHRL by subjecting Plaintiff to a hostile work environment, in the form of failing to address the constant harassment and abuse made towards Plaintiff on the basis of his race, and by terminating Plaintiff's employment.

72. As a result of Defendants' unlawful employment practice, Plaintiff sustained injury, including economic damages, the past and future physical and emotional distress and the costs of bringing this action.

~~58.~~73. Due to Defendants' violations under the NYCHRL, as amended, based on

discrimination on the basis of race, Plaintiff is entitled to recover from Defendants: (1) back pay and (2) compensatory damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs, and Class Members, respectfully requests that this Court grant the following relief:

a) A declaratory judgment that the practices complained of herein are unlawful under the FLSA, and the NYLL New York Labor Law, NYSHRL, and NYCHRL;

b) An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c) An award of damages to Plaintiff, retroactive to the date of his discharge and prior, for all lost wages and benefits, past and future, back and front pay, resulting from Defendants' unlawful employment practices and to otherwise make him whole for any losses suffered as a result of such unlawful employment practices;

d) An award of liquidated and/or punitive damages as a result of unpaid overtime and spread of hours premiums due to off-the-clock work according to the FLSA and New York Labor Law.

e) An award of back pay and compensatory damages due under the NYSHRL;

f) An award of back pay and compensatory damages due under the NYCHRL;

d)g) An award of punitive damages due under the NYCHRL;

e)h) An award of statutory penalties as a result of Defendants' failure to comply with New York Labor Law wage notice and wage statement requirements;

~~f)~~i)  An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

~~g)~~j)  Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

~~h)~~k) Designation of this action as a class action pursuant to F.R.C.P. 23;

~~i)~~l)  Designation of Plaintiff as Representative of the Class; and

~~j)~~m) Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff ~~s~~ demand<u>s</u> trial by jury on all issues so triable as of right by jury

Dated: <u>New York, New York</u>

Respectfully submitted,

LEE LITIGATION GROUP, PLLC

C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff,
FLSA Collective Plaintiffs,
and the Class*

By: */s/ C.K. Lee* .
　　　C.K. Lee