USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:  3/4/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
                                                         :
HAROLD KING, *on behalf of himself, FLSA*                :
*Collective Plaintiffs, and the Class*,                  :
                                                         :
                                  Plaintiff,             :         20-cv-1784 (VSB)
                                                         :
                  -against-                              :              **ORDER**
                                                         :
FEDCAP REHABILITATION SERVICES,                          :
INC., et al.                                             :
                                                         :
                                  Defendants.            :
                                                         :
-------------------------------------------------------- X

VERNON S. BRODERICK, United States District Judge:

On February 16, 2021, Plaintiff filed a notice of voluntary dismissal without prejudice

pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure.  (Doc. 24.)  In light of

the prior representations from the parties that they were "very close to reaching agreement for a

settlement" and that settlement was "imminent," (Doc. 22), I ordered Plaintiff to submit a letter

explaining why *Cheeks v. Freeport Pancake House, Inc*., 796 F.3d 199, 206 (2d Cir. 2015),

which held that parties may not privately settle FLSA claims with prejudice absent approval

from the Department of Labor or the district court, should not apply here, (Doc. 26.)

I am in receipt of Plaintiff's March 3, 2021 letter in response to this order.  (Doc. 27.)

Plaintiff rightly notes that *Cheeks*' holding applies only to dismissals without prejudice; indeed,

*Cheeks* explicitly reserved judgment "for another day the question of whether parties may settle

such cases without court approval or DOL supervision by entering into a Rule 41(a)(1)(A)

stipulation without prejudice."  796 F.3d at 201 n.2.  That day has not come, as the Second

Circuit has not yet definitively decided the question.  Since *Cheeks*, courts in this District have

1

taken different approaches: some have determined that judicial approval in this instance is appropriate in part to prevent an end-run around the protections for workers provided in *Cheeks*, *see, e.g.*, *Seck v. Dipna Rx., Inc.*, 16-cv-7262 (PKC), 2017 WL 1906887 (S.D.N.Y. May 8, 2017); while others have determined that judicial approval is unnecessary because "[a] plaintiff who dismisses his claims without prejudice gives up none of the rights provided by the FLSA, and, subject to the statute of limitations, can re-file at will," *Schaubeck v. Morris Pharmacy, Inc.*, No. 17 Civ. 3909 (HBP), 2018 WL 5292127, at *1 n.1 (S.D.N.Y. Oct. 25, 2018).

As I have discussed previously, *Tlacopilco v. Chater*, No. 16-CV-1254 (VSB), 2016 WL 11707087 (S.D.N.Y. June 29, 2016), I believe that, absent further clarity from the Second Circuit, *Cheeks* should apply to dismissals without prejudice. This is especially true where, as here, "[t]he circumstances raise a concern that the parties have covertly settled FLSA claims in an effort to evade judicial review required by *Cheeks*." *De Jesus v. Magnetic Contracting Corp.*, No. 19-CV-01842, 2019 WL 4737053, at *1 (E.D.N.Y. Sept. 27, 2019).

Under *Cheeks*, the parties must satisfy this Court that their settlement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, No. 15cv3068, 2015 WL 5915843, at *1 (S.D.N.Y. Oct. 7, 2015). In order to determine whether an agreement is fair and reasonable under the FLSA, I must:

> consider the totality of circumstances, including but not limited to the following [5] factors: (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion.

*Beckert v. Rubinov*, No. 15 Civ.1951(PAE), 2015 WL 6503832, at *1 (S.D.N.Y. Oct. 27, 2015) (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)). And, if the

settlement agreement includes a provision for attorney's fees, I must "separately assess the reasonableness of plaintiffs, attorney's fees." *Lliguichuzcha v. Cinema 60, LLC*, 948 F. Supp. 2d '362, 366 (S.D.N.Y. 2013).  In order to aid in this determination, "counsel must submit evidence providing a factual basis for the [attorney's fees] award." *Beckert*, 2015 WL 6503832, at *2.

Therefore, it is hereby:

ORDERED that within thirty (30) days of this Order the parties provide this Court with the terms of the settlement in order to ensure that, in compliance with the FLSA, they are fair and reflect a reasonable compromise of disputed issues.

IT IS FURTHER ORDERED that, along with the terms of the settlement, the parties shall provide this court with a joint letter of no more than five (5) pages explaining why they believe the settlement reflects a fair and reasonable compromise of disputed issues.  Such letter should include, but need not be limited to, information concerning the five (5) factors identified in *Beckert*.

IT IS FURTHER ORDERED that, if the agreement includes a provision for attorney's fees, the parties submit evidence providing a factual basis for the attorney's fees award. Such basis should include "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Lopez v. Nights of Cabiria*, *LLC*, No. 14–cv–1274 (LAK), 2015 WL 1455689, at *7 (S.D.N.Y. March 30, 2015).

SO ORDERED.

Dated: March 4, 2021
     New York, New York

Vernon S. Broderick
United States District Judge