

Attorneys at Law

Adriana S. Kosovych
t  212.351.4527
f  212.878.8600
akosovych@ebglaw.com

July 2, 2021

**VIA ECF**
Hon. Vernon S. Broderick
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    **King v. Fedcap Rehabilitation Services, Inc., *et al.*, 20-Civ-1784 (VSB) (SDA)**

Dear Judge Broderick:

    We represent Defendants Fedcap Rehabilitation Services, Inc. and Wildcat Service Corporation (together, "Defendants") in the above-identified matter. We write to respectfully request that the Court so-order the below proposed briefing schedule in connection with Defendants' anticipated motion to enforce the settlement agreement reached between Defendants and Plaintiff Harold King ("Plaintiff"), which Plaintiff has continued to repudiate. The proposed briefing schedule is as follows:

- Defendants' moving papers:  July 27, 2021
- Plaintiff's opposition:  August 17, 2021
- Defendants' reply:  August 31, 2021

    Defendants sought Plaintiff's consent to the proposed briefing schedule, but Plaintiff withheld consent, stating that Plaintiff considers the anticipated motion frivolous. Defendants disagree, and believe there is merit to their motion warranting enforcement of the parties' settlement agreement.

    **A.    The Settlement Agreement Is Enforceable**

    The settlement agreement reached by the parties, including the material terms memorialized in the January 28, 2021 email between counsel, is enforceable because the parties memorialized (in several iterations of drafts) their intent to be bound by the agreement, notwithstanding the absence of a formal signed settlement agreement. Plaintiff made no reservation that there would be no settlement until a formal written settlement was completed and executed. To the contrary, Plaintiff's counsel confirmed in

Hon. Vernon S. Broderick
July 2, 2021
Page 2

writing on February 12, 2021, that the parties reached a settlement agreement, and counsel for Defendants responded in kind.

     In determining whether a settlement agreement is enforceable in the absence of a formal writing, courts consider four non-exclusive factors: (1) whether there is any express reservation of the right not to be bound absent a signed writing; (2) whether there has been partial performance of the settlement contract; (3) whether there has been agreement on all the terms of the alleged settlement contract; and (4) whether the agreement is of a type usually committed to writing. *Powell v. Omnicom*, 497 F.3d 124, 129 (2d Cir. 2007); *Conway v. Brooklyn Union Gas Co.*, 236 F. Supp. 2d 241, 248 (E.D.N.Y. 2002). Each of these factors favors enforcement here.

     None of the parties indicated an intent not to be bound until a formal settlement was fully executed, and the drafts circulated between counsel did not contain a generally applicable express reservation. Indeed, on February 16, 2021, Plaintiff filed a Notice of Voluntary Dismissal pursuant to FRCP 41(a)(1)(A)(i), dismissing without prejudice all of Plaintiff's claims against Defendants (DE 24), without any reservation of rights to vacate the dismissal in the event no formal agreement was executed and without any assurances that either party would imminently execute a formal agreement. Moreover, the parties effectively agreed upon *all* terms after Defendants agreed to delete certain language in the agreement that Plaintiff's counsel found unacceptable. The settlement agreement would have been finalized had Mr. Lee not stepped in and suddenly reversed course.[1] For all of these reasons, Defendants respectfully request that the Court enter the proposed briefing schedule set forth above.

     Respectfully,

     /s/ Adriana S. Kosovych

     Adriana S. Kosovych

cc:    Counsel of Record
       Hon. Steward D. Aaron, Magistrate Judge

---

[1] It bears noting that Mr. Lee, who intervened in the settlement communications between Defendants and his partner, Anne Seelig, reneged on the settlement agreement over a provision requiring representations of his firm, and not any term affecting Plaintiff. Any belated assertion that Plaintiff no longer is satisfied with the amount of consideration is belied by Mr. Lee's handwritten markup eviscerating the agreement and striking almost all agreed-upon material terms, but leaving <u>unchanged</u> the amount of consideration.