

Attorneys at Law

Jeffrey H. Ruzal
t 212.351.4500
f 212.878.8600
jruzal@ebglaw.com

July 23, 2021

**VIA ECF**
Hon. Vernon S. Broderick
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

APPLICATION GRANTED
SO ORDERED /s/ Vernon Broderick
VERNON S. BRODERICK
U.S.D.J.

7/26/21

    Re:    **King v. Fedcap Rehabilitation Services, Inc., *et al.*, 20-Civ-1784 (VSB) (SDA)**

Dear Judge Broderick:

    We represent Defendants Fedcap Rehabilitation Services, Inc. and Wildcat Service Corporation (together, "Defendants") in the above-identified matter. We write to respectfully request that the Court stay briefing of Plaintiff's Motion for Conditional Collective Certification (ECF No. 42) pending a decision on Defendants' forthcoming Motion to Enforce Settlement (*see* ECF Nos. 38 & 41). Defendants submit that there is good cause to enter such a stay.

### BACKGROUND

    As previously explained to this Court, and as Defendants' forthcoming Motion to Enforce Settlement will establish, the parties have reached a fully enforceable settlement agreement resolving this case in its entirety, pending judicial approval under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). (*See* ECF No. 38.) Indeed, on February 16, 2021, Plaintiff filed a Notice of Voluntary Dismissal because the parties agreed to settle. (ECF No. 24.) Subsequently, in May 2021, and after the parties reduced the settlement agreement to writing, Counsel for Plaintiff—not Plaintiff—attempted to renege on the agreement reached between the parties. Unable to resolve the dispute via mediation, on July 2, 2021, Defendants proposed a "briefing schedule in connection with [their] anticipated motion to enforce the settlement agreement reached between Defendants and Plaintiff Harold King[.]" (*Id.*) On July 6, 2021, this Court endorsed Defendants' briefing schedule. (ECF No. 41.)

    On July 22, 2021, Plaintiff filed his Motion for Conditional Collective Certification. (ECF No. 42.) This surprised Defendants. At no point prior to July 22 did Plaintiff reveal an intention to file a

Hon. Vernon S. Broderick
July 23, 2021
Page 2

motion for conditional certification before the settlement issue was fully resolved. Plaintiff did not seek to confer with Defendants about the timing of such a motion. Instead, a few days before Defendants' Motion to Enforce Settlement was due to be filed, Plaintiff filed his Motion for Conditional Collective Certification.

## ARGUMENT

There is good cause for this Court to stay briefing of Plaintiff's Motion for Conditional Collective Certification because Defendants' forthcoming Motion to Enforce Settlement is potentially dispositive and facially meritorious, adjudicating Plaintiff's Motion would be unduly burdensome, and a stay would not unfairly prejudice Plaintiff. *See Pollock v. Legends Hosp., LLC*, No. 12 CIV. 8334 KBF, 2013 WL 3863864, at *1 (S.D.N.Y. July 25, 2013) (the Court delayed briefing on motion for certification until after dispositive motion was decided); *see also Alapaha View Ltd. v. Prodigy Network, LLC*, No. 20-CV-7572 (VSB), 2021 WL 1893316, at *2-3 (S.D.N.Y. May 10, 2021) (Broderick, J.) (staying discovery pending dispositive motion because it was facially meritorious, engaging is discovery would be burdensome, and plaintiff would not be unduly prejudiced by stay).

*First*, Defendants' Motion to Enforce is facially meritorious. As Defendants explained to the Court via their letter dated July 2, 2021, each of the factors under *Powell v. Omnicom*, 497 F.3d 124, 129 (2d Cir. 2007) favor enforcing the settlement agreement reached between the parties. (*See* ECF No. 38 at p. 2.)

*Second*, adjudicating Plaintiff's Motion for Conditional Collective Certification would be unduly burdensome. Defendants would have to expend *significant* time, money, and resources opposing Plaintiff's Motion, which would require not only drafting, finalizing, and filing a brief in opposition, but also marshaling the necessary evidence to show that Plaintiff is not similarly situated to the putative collective members. All of this would be for naught if the Court grants Defendants' Motion to Enforce Settlement, which Defendants submit is likely.

*Finally*, Plaintiff cannot show that he will suffer undue prejudice. "[A] stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue." *Spinelli v. Nat'l Football League*, No. 13 CIV. 7398 (RWS), 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015). This is especially so here. Defendants' Motion to Enforce Settlement involves straightforward questions of law and a thin factual record. Adjudicating it will therefore be streamlined and will not cause an undue delay in these proceeding, even if it is ultimately denied.

Moreover, to the extent that Plaintiff is concerned with the statute of limitations running on the potential opt-ins' claims, Defendants would be agreeable to equitable tolling during the limited time it takes the Court to decide their Motion to Enforce Settlement. Assuming the Court denies the Motion to Enforce Settlement, Defendants' position is that the statute of limitations would then immediately start to run again beginning on the day the Motion was denied.

\*   \*   \*

Hon. Vernon S. Broderick
July 23, 2021
Page 3

      For the reasons set forth above, this Court should stay briefing on Plaintiff's Motion for Conditional Collective Certification pending resolution of Defendants' Motion to Enforce Settlement.

                                      Respectfully,

                                      */s/ Jeffrey H. Ruzal*

                                      Jeffrey H. Ruzal

cc:      Counsel of Record
          Hon. Steward D. Aaron, Magistrate Judge