**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

HAROLD KING,
*on behalf of himself, FLSA Collective Plaintiffs,*
*and the Class,*

        Plaintiff,

    v.                                      1:20-cv-001784-VSB-SDA

FEDCAP REHABILITATION SERVICES, INC.,
and WILDCAT SERVICE CORPORATION,

        Defendants.

---

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANTS' COUNSEL**

Lee Litigation Group, PLLC
C. K. Lee, Esq. (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel: (212) 465-1188
Fax: (212) 465-1181

*Attorneys for Plaintiff, FLSA Collective Plaintiffs, and the Class*

## TABLE OF CONTENTS

I.     INTRODUCTION …………………………………………………………1

II.    APPLICABLE LEGAL STANDARDS …..………………………………1

       A.  Fed. R. Civ. P. 11 …………………………………………………1

       B.  28 U.S.C. § 1927 ………………………………………………3

       C.  Court's Inherent Power to Sanction ………………………………4

III.   DEFENDANTS' COUNSEL IGNORED RELEVANT NEW YORK LAW ….4

IV.    DEFENDANTS' COUNSEL IGNORED THE CONTENTS
       OF SETTLEMENT DRAFTS ………………………………………5

V.     DEFENDANTS' COUNSEL DISREGARDED *CHEEKS*
       AND ITS PROGENCY ………………………………………7

VI.    CONCLUSION …………………………………………………7

## I.    INTRODUCTION

Plaintiff hereby submits his Memorandum of Law in Support of Plaintiff's Motion for Sanctions Against Defendants' Counsel, pursuant to Fed. R. Civ. P. 11, 28 U.S.C. § 1927, and the Court's inherent power to sanction. As background to this memorandum, Plaintiff incorporates by reference his Memorandum of Law in Opposition to Defendants' Motion to Enforce Settlement ("Opp. Mem."), filed on August 17, 2021 (Dkt. No. 50).  As explained in that Memorandum, Defendants' Motion to Enforce Settlement ("Def. Mot."), filed July 27, 2021 (Dkt. Nos. 47-49) is not simply misguided but frivolous.  At multiple points, Defendants proceed in blithe disregard of both New York and federal law and pass over the content of the very document they are seeking to enforce as a binding settlement agreement. As shown below, at issue is not reasonable disagreement between the parties but Defendants' unreasonable indifference to both facts and law. Since Defendants' argument lacks any real legal foundation, the proper inference is that Defendants' counsel filed their Motion to Enforce Settlement in the hopes that the burden of responding to it would wear Plaintiff down and incentivize him to settle on their terms. That motion makes clear Defendants' frustration with Plaintiff's refusal to do so, and they are now seeking to coerce that which they could not obtain consensually.

## II.    APPLICABLE LEGAL STANDARDS

### A.  Fed. R. Civ. P. 11

The purpose of Rule 11 is to "deter baseless filings in district court." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). To this end, Fed. R. Civ. P. 11(b)(1) requires that the filing "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(2) requires that claims, defenses,

and other legal contentions in a filing "be warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(3) provides that "in signing the submission, the attorney is representing that, after reasonable inquiry, he or she believes that 'the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.'" *Holmes v. Allstate Corp*., 2012 U.S. Dist. LEXIS 24883, *43-44, 2012 WL 627238 (Jan. 27, 2012) (quoting Fed. R. Civ. P. 11(b)(3)).

"The standard for triggering the award of fees under Rule 11(b)(2) is 'objective unreasonableness.'" *Chien v. Skystar Bio Pharm. Co*., 256 F.R.D. 67, 72 (Dist. Conn. 2009) (quoting *Margo v. Weiss*, 213 F.3d 55, 65 (2d Cir. 2000)). A "litigant's obligations with respect to the contents of . . . papers are not measured solely as of the time they are filed with or submitted to the court, but include reaffirming to the court and advocating positions contained in those pleadings and motions after learning that they cease to have any merit." *Regan v. Pelham*, 2021 U.S. Dist. LEXIS 52247, 2021 WL 1063320, at *9 (S.D.N.Y. March 19, 2021). For this reason, "[u]nder Rule 11's safe harbor provision, the subject of the sanctions motion must be served at least 21 days in advance of the filing of the sanctions motion." *Weston Cap. Advisors, Inc. v. PT Bank Mutiara Tbk.*, 2019 U.S. Dist. LEXIS 165788, 2019 WL 6002221, at *4 (S.D.N.Y. Sept. 20, 2019) (citing Fed. R. Civ. P. 11(c)(2)). "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c).

Here, the prerequisites for a Rule 11 motion have been satisfied. On August 2, 2021, Plaintiff advised Defendants' counsel that he would be pursuing Rule 11 sanctions in response to

their Motion to Enforce Settlement and provided a letter explaining the bases for that motion. *See* Declaration of C.K. Lee ("Lee Decl."), **Exhibit A**. On August 5, 2021, Defendants advised Plaintiff that they would not be withdrawing their motion.

### B.  28 U.S.C. § 1927

28 U.S.C. § 1927 provides that a court may require an attorney who "multiplies the proceedings in any case unreasonably and vexatiously . . . to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Sanctions are appropriate under Section 1927 "only when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose." *Johnson ex rel. United States v. Univ. of Rochester Med. Ctr*., 642 F.3d 121, 125 (2d Cir. 2011). However, "a district judge need not apply a subjective standard of bad faith, but may find bad faith where an attorney engages in conduct that is so objectively unreasonable that he necessarily must have been acting in bad faith." *Forman v. Mt. Sinai Med. Ctr.,* 128 F.R.D. 591, 599 (S.D.N.Y. 1989) (citing *Oliveri v. Thompson,* 803 F.2d 1265, 1273 (2d Cir. 1986)). "The proper standard under . . . § 1927 is that excess costs, expenses, or attorney's fees are imposable against an attorney personally for conduct that, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." *Braley v. Campbell,* 832 F.2d 1504, 1512 (10th Cir. 1987). "If a lawyer pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound, the conduct is objectively unreasonable and vexatious." *Dal Pozzo v. Basic Mach. Co.,* 463 F.3d 609, 614 (7th Cir. 2006) (quoting *Riddle & Assocs. P.C. v. Kelly,* 414 F.3d 832, 835 (7th Cir. 2005)) (additional citations omitted).

### C.  Court's Inherent Power to Sanction

"It is well established that courts have the inherent power to impose a variety of sanctions on both litigants and attorneys to regulate their docket, promote judicial efficiency, and deter frivolous filings." *Arthur the Dog v. U.S. Merch. Inc*., 2007 U.S. Dist. LEXIS 63885, *31-32, 2007 WL 2493427 (E.D.N.Y. Aug. 28, 2007) (quoting *Morris v. Adams-Millis Corp.,* 758 F.2d 1352, 1358 (10th Cir. 1985)). "As in the case of Section 1927 sanctions, in order to impose sanctions pursuant to its inherent power, the Court must find that counsel's behavior 'constituted or was tantamount to bad faith.'" *Id*. (quoting *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 767 (1980)).

## III.    DEFENDANTS' COUNSEL IGNORED RELEVANT NEW YORK LAW

As Plaintiff's Opposition observes, CPLR § 2104 rules out oral settlement agreements except under a very limited set of circumstances. *See* Opp. Mem. at 1-4. Defendants do not claim that such circumstances were present when they argue that an oral settlement agreement was formed on January 28, 2021; they simply ignore CPLR § 2104 altogether and proceed as though the purported agreement was any old contract rather than "[a]n agreement between parties or their attorneys relating to any matter in an action." CPLR § 2104.  Defendants' counsel should be sanctioned not because Plaintiff disagrees with their conclusions but because they could not be bothered even to set forth the correct legal framework for addressing the controversy at hand. Thus, Defendants' argument that a binding oral agreement was formed was not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."  Fed. R. Civ. P. 11(b)(3).

Defendants' counsel likewise ignore CPLR§ 5003-b. *See* Opp. Mem. at 4-5. They argue that a binding agreement was consummated on February 12, 2021. But that is not a reasonable

position when (1) CPLR§ 5003-b prevented the parties from agreeing to the envisioned agreement's confidentiality provisions on that date and (2) Defendants stressed that such agreement was a precondition to settlement. Once again, we are beyond the realm of reasonable disagreement. Not only is Defendants' argument unreasonable; it is flat out *illogical* and self-refuting by virtue of facts that were readily available to Defendants' counsel as they drafted their motion.

## IV.   DEFENDANTS' COUNSEL IGNORED THE CONTENTS OF SETTLEMENT DRAFTS

Much of Defendants' motion is devoted to arguing that some version of the settlement draft the parties were circulating in late April and early May 2021 constituted a binding agreement. But their argument completely ignores the contents of those drafts. *See* Kosovych Decl., Exhibits 2, 5, 6. As Plaintiff argues in his Opposition, those drafts all contained what courts have recognized are strong indicators that the parties did not intend to be bound until an agreement was formally executed. These include (1) a merger clause; (2) a provision allowing for the agreement to be executed in multiple counterparts; (3) the layout of the signature block; and (4) a paragraph stressing the importance of Plaintiff's signature and the consultations he should undertake prior to signing.  *See* Opp. Mem. at 9-10.

Defendants should be sanctioned not because they attached insufficient weight to these provisions but because they simply *ignored* them, claiming against the evidence before their eyes that "none of the parties' correspondence throughout the months of settlement discussions … indicated an intent not to be bound until a formal settlement agreement was executed by both parties." Def. Mot. at 11-12.  Plainly, Defendants' counsel have failed to undertake a reasonable inquiry into whether their "factual contentions have evidentiary support." Fed. R. Civ. P. 11(b)(3).

5

And plainly, the consequence of that failure was the filing of Defendants' Motion to Enforce Settlement, which has "multiplie[d] the proceedings in [this] case unreasonably and vexatiously" by forcing Plaintiff to expend valuable resources opposing it. 28 U.S.C. § 1927.

Defendants express their frustration with Mr. C.K. Lee's proposed revisions to the contemplated settlement as communicated to them in the document included in the Kosovych Declaration as Exhibit 5.  But as shown on the face of that document, Mr. Lee did not propose to eliminate any of the three paragraphs—8, 12, and 14—that signaled the parties' intent not to be bound until formal execution. Indeed, while Mr. Lee proposed eliminating part of paragraph 8, he left the merger clause completely intact, which should have served Defendants' counsel as a reminder that no agreement would be effective until formal execution. Defendants cannot escape the circular firing squad they have created. They say they are entitled to enforce the draft attached to the Kosovych Declaration as Exhibit 6 as a binding settlement because the parties have agreed to its terms, but those very terms rule out precisely this argument.

This is not objectively reasonable conduct. Nor is it good faith conduct. Even if Defendants' counsel were acting in good faith when they first drafted their motion, they were no longer doing so after they declined to withdraw their motion once Plaintiff brough the foregoing considerations to their attention in his August 2, 2021, letter. *See* Lee Decl., **Exhibit A**. Accordingly, Defendants' counsels' disregard for the terms of the very purported agreement they are seeking to enforce warrants sanctions under Rule 11, 28 U.S.C. § 1927, and the Court's inherent power to sanction.

## V.    DEFENDANTS' COUNSEL DISREGARDED *CHEEKS* AND ITS PROGENCY

Even if the Court were to forgive all the above, it should not forgive Defendants' counsel's conscious indifference to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), and its progeny.  As Plaintiff has explained in-depth in both his Opposition, *see* Opp. Mem. at 11-14, and his Rule 11 letter, *see* Lee Decl., **Exhibit A**, there is total unanimity among courts in this Circuit that any settlement agreement purporting to release FLSA claims is unenforceable until approved by either a court or the Department of Labor. Plaintiff cited a range of cases in order to impress upon Defendants' counsel that courts have deemed this rule to be categorical and dispositive, irrespective of whatever robust indicia of contractual agreement may have been present. Even where the terms of a putative agreement had been unambiguously finalized and the agreement was signed, it remained unenforceable until approved by a court. Defendants' counsel were, therefore, given to understand that there was no conceivable set of circumstances under which they could prevail, regardless of what they took to be strength of their arguments. Yet they chose to be obtuse when they refused to withdraw their motion.  Defendants' counsel acted both unreasonably and in bad faith and thereby exposed themselves to the full range of sanctions that Plaintiff is here seeking.

## VI.    CONCLUSION

For all the foregoing reason, the Court should impose sanctions on Defendants' counsel pursuant to Fed. R. Civ. P. 11, 28 U.S.C. § 1927, and the Court's inherent power to sanction, including reasonable attorneys' fees for the time spent opposing Defendants' Motion to Enforce Settlement and writing the instant Motion for Sanctions.

Dated: August 24, 2021

Respectfully submitted,

*/s/ C.K. Lee*
By:  C.K. Lee, Esq.

**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181

*Attorneys for Plaintiff, FLSA Collective Plaintiffs,*
*and the Class*