# Exhibit A

# LEE LITIGATION GROUP, PLLC
148 WEST 24TH STREET, 8TH FLOOR
NEW YORK, NY 10011
TEL: 212-465-1180
FAX: 212-465-1181
INFO@LEELITIGATION.COM

WRITER'S DIRECT:     212-465-1188
                     cklee@leelitigation.com

August 2, 2021

**<u>Via E-Mail</u>**
Jeffrey Howard Ruzal and
Adriana Stefanie Kosovych
Epstein Becker & Green, P.C.
875 Third Avenue
New York, NY 10022

    Re: *King v. Fedcap Rehabilitation Services, Inc et al.*
       <u>Case No. 1:20-cv-01784</u>

Dear Mr. Ruzal and Ms. Kosovych,

  Pursuant to Fed. R. Civ. P. § 11 ("Rule 11"), we write to demand that you immediately withdraw your frivolous Motion to Enforce Settlement, filed on July 27, 2021, at Dkt. Nos. 47-49.

  Rule 11 authorizes a court to impose sanctions on a party who files a pleading for an improper purpose, such as to harass the opposing party, delay proceedings, or increase the expense of litigation. See Fed R. Civ P. 11(b), (c). Sanctions under Rule 11 may be appropriate if the Court finds that a document has been presented for an improper purpose, *see* Fed. R. Civ. P. 11(b)(1); the claims or defenses of the signer are not supported by existing law or by a good-faith argument for an extension or change in existing law, *see* Fed R. Civ. P. 11(b)(2); or the allegations and other factual statements lack evidentiary support or are unlikely to do so after a reasonable opportunity for investigation, *see* Fed. R. Civ. P. 11(b)(3). The purpose of the rule is to "deter baseless filings in district court." *Cooter & Gell v. Hartmarx Corp*., 496 U.S. 384, 393 (1990).

  Your motion is a baseless filing for a host of reasons. *First*, that motion does not so much as acknowledge that the settlement draft you are seeking to enforce as a final agreement contains a merger clause. Paragraph 8 states in pertinent part:

> This Agreement constitutes the entire agreement between the parties with respect to its subject matter, and supersedes all prior and contemporaneous agreements and understandings, both written and oral, between the parties with respect to its subject matter … This Agreement may not be changed orally, and no modification, amendment, or waiver of any of the provisions contained in this Agreement, nor any future representation, promise, or condition in connection

with the subject matter hereof, shall be binding upon a party unless made in writing and signed by an authorized representative of such party.

This clause standing alone suffices to undercut your entire argument that an enforceable agreement was formed through your various correspondences with Ms. Seelig. See *Hernandez v. Fresh Diet Inc.*, 2017 U.S. Dist. LEXIS 177372, *9-10, 2017 WL 4838328 (S.D.N.Y. October 25, 2017) ("First, the agreement contains a provision with language from merger clauses: 'This Agreement may only be modified, altered [,] or changed in writing, signed by the Parties.' … Courts have routinely found that this language in merger clauses demonstrates the parties' intentions not to be bound until written execution."); *Kaczmarcysk v. Dutton*, 414 Fed. Appx. 354, 355 (2nd Cir. 2011) ("the presence of a merger clause 'is persuasive evidence that the parties did not intend to be bound prior to the execution of a written agreement.'") (quoting *Ciaramella v. Reader's Digest Ass'n, Inc.,* 131 F.3d 320, 324 (2d Cir. 1997)); *Nieves v. Cmty. Choice Health Plan of Westchester, Inc.*, 2011 U.S. Dist. LEXIS 132175, *14-15, 2011 WL 5533328 (S.D.N.Y. August 31, 2011) (collecting cases and highlighting merger clauses very similar to the one at issue in the instant action).

*Second*, Paragraph 14 states in pertinent part that "This Agreement may be executed in more than one counterpart, each of which shall be deemed an original, but all of which shall constitute one and the same instrument." "Such references to execution demonstrate an intent not to be bound until then." *Hernandez*, 2017 U.S. Dist. LEXIS 177372, *10. *Third*, "the agreement contains blank signature lines for the attorneys for each party and the Defendants." *Id*. And courts have found that this likewise indicates an intent not to be bound until the agreement is fully executed—a conclusion that is further strengthened by Paragraph 12, which stresses the importance of Plaintiff's signature and the consultations he should undertake before then.

*Finally* and most importantly, your memorandum entirely ignores that the purported settlement seeks to release FLSA claims and therefore is subject to the strictures of *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015), and its progeny. Even if your argument were otherwise on a solid legal and factual footing—which it manifestly is not—this inconvenient fact alone dooms your motion to frivolity. In deciding whether to enforce purported settlement agreements in the FLSA context, many federal courts have altogether ignored the four-factor test on which your entire argument relies. For example, in *Mora v. Bareburger* Grp. LLC, plaintiff sought to enforce a *signed* term sheet, agreed upon at a mediation, after defendant decline to execute the final agreement. The court ruled:

> <u>Ultimately dispositive</u> is the type of settlement agreement at issue here: an FLSA settlement agreement. In *Cheeks*, the Second Circuit held that district court or Department of Labor approval is required for all stipulated dismissals of FLSA actions with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).
> -------------------
> Since the Term Sheet was never presented to or approved by this court or the Department of Labor, *Cheeks* prevents its enforcement.

2020 U.S. Dist. LEXIS 163339, *8, 2020 WL 5369051 (E.D.N.Y. September 5, 2020) (emphasis added).

Other federal courts have engaged in the four-factor test as promulgated in *Winston v. Mediafare Entm 't Corp.*, 777 F.2d 78, 80 (2d Cir. 1985). But they, too, have found the foregoing considerations to be dispositive. For example, the court in *Junjiang Ji v. Jling Inc*. found that the first two factors weighed in favor of enforcing the purported settlement and that the third factor was neutral. Even so, the court concluded:

> Nevertheless, the fourth factor weighs heavily against enforcement because agreements to settle FLSA claims are virtually always memorialized in writing. … In light of the *Cheeks* requirement that either the Court or the DOL approve any final settlement agreement, all parties here <u>necessarily</u> contemplated that a written agreement would be drafted, executed and approved by the Court. … Because the latter two steps never transpired, no final written agreement was consummated, and the settlement agreement is not, and could not be, enforceable under Second Circuit case law. Accordingly, <u>the Court deems the fourth *Winston* factor dispositive</u> and denies Defendants' motion to enforce the parties' settlement agreement on that basis.

2019 U.S. Dist. LEXIS 55341, *36-37, 2019 WL 1441130 (E.D.N.Y. March 31, 2019) (emphases added)

In *Junjiang*, the parties *had agreed on settlement terms in open court*. *Id*. at 18. But never having been signed or formally approved by the court, the putative agreement was deemed unenforceable, notwithstanding that there was far more indication of both parties' intent to consummate it than in the instant action. This same was true in *Hernandez*, where the parties *put the final settlement terms to writing and had those terms pre-approved by the court* but did not execute the agreement or submit it to the court for formal approval. After examining the *Winston* factors, the court concluded:

> Also of significance, and <u>ultimately dispositive</u>, is the type of settlement agreement at issue here: an FLSA settlement. Pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 204 (2d Cir. 2015), all FLSA settlements require the approval of the district court (or Department of Labor). In *Cheeks*, the Second Circuit held that parties "cannot" settle their FLSA claims "through a private stipulated dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii)" without the approval of a district court or the Department of Labor. *Id.* Therefore, an agreement to settle FLSA claims does not become enforceable until it is approved by a district court or the DOL…
> ---------------
> Although the Court has approved the February Agreement as to its form, a fully executed settlement agreement has not been submitted to the Court for *Cheeks* approval and the Court has not endorsed the stipulation of dismissal. Therefore, the settlement is not binding. <u>This reason alone</u> is enough of a basis to deny Plaintiffs' motion.

2017 U.S. Dist. LEXIS 177372, *13-14 (emphases added).

In all the foregoing cases, the settlement negotiation process was far further along than in the instant action, with the *final* settlement terms either set to writing or aired in open court (and, in one case, actually *signed*), and yet the *Cheeks* principle that no FLSA settlement is enforceable until approved by a court was in every case dispositive. This being the law, your subjective determination that Plaintiff's counsel negotiated in an unreasonable manner is utterly irrelevant. We therefore demand that you withdraw your motion immediately. Should we be forced to oppose that motion, we will move the Court for Rule 11 sanctions and seek compensation for the costs of that opposition as well as for the costs of the Rule 11 motion and this letter. Please contact me immediately to confirm that you will be withdrawing your motion.

Very Truly Yours,

*/s/ C.K. Lee*
C.K. Lee, Esq.