**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

HAROLD KING,
*on behalf of himself, FLSA Collective Plaintiffs*
*and the Class,*

                           Plaintiff,

           v.

FEDCAP REHABILITATION SERVICES, INC.,
and WILDCAT SERVICE CORPORATION,

                       Defendants.

**Case No.:** 20-cv-01784


**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S**
**MOTION FOR CONDITIONAL COLLECTIVE CERTIFICATION**


Lee Litigation Group, PLLC
C. K. Lee, Esq. (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel: (212) 465-1188
Fax: (212) 465-1181

*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs*
*and the Class*

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ……………………………………………………………………..ii

INTRODUCTION ……………………………………………………………………1

ARGUMENT ……………………………………………………………………1

    I.      Defendants Inappropriately Attempt to Adjudicate Factual Issues ……………..1

    II.    Plaintiff Adequately Alleges A Common Policy of FLSA Violations…………3

    III.   Plaintiff's Affidavit Is More Than Adequate …………………………………...6

    IV.   Plaintiff's Proposed Notice and Notice Procedures Are Proper………………...8

    V.    Limitations Period Should Be Equitably Tolled………………………………10

## <u>TABLE OF AUTHORITIES</u>

**CASES**

*Agerbrink v. Model Serv. LLC*, 2016 U.S. Dist. LEXIS 12486 (S.D.N.Y. Feb. 2, 2016) ............. 9

*Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680 (1946) ........................................................... 3

*Anderson v. Mt. Clemens Pottery Co*., 328 U.S. 680 (1946) ........................................................... 3

*Anglada v. Linens 'n Things, Inc.*, 2007 U.S. Dist. LEXIS 39105 (S.D.N.Y. Apr. 26, 2007) ........ 9

*Anjum v. J.C. Penney Co*., 2015 U.S. Dist. LEXIS 73820 (E.D.N.Y. June 5, 2015) ..................... 8

*Bhumithanarn v. 22 Noodle Mkt. Corp*., 14 Civ. 2625, 2015 U.S. Dist. LEXIS 90616, 2015 WL
    4240985 (S.D.N.Y. July 13, 2015) ........................................................................................... 9

*Chui v. Am. Yuexianggui of Li LLC*, 2020 U.S. Dist. LEXIS 117296 (E.D.N.Y. July 2, 2020)..... 4

*Cohan v. Columbia Sussex Mgmt., LLC*, 2013 U.S. Dist. LEXIS 187539 (E.D.N.Y. Sep. 19,
    2013) ........................................................................................................................................ 8

*Colon v. Major Perry St. Corp*., No. 12 Civ. 3788, 2013 U.S. Dist. LEXIS 93021 (S.D.N.Y. July
    2, 2013) .................................................................................................................................... 2

*Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317 (S.D.N.Y. 2007).............................. 5

*Garcia v. Chipotle Mexican Grill, Inc.,* 2016 U.S. Dist. LEXIS 153531 (S.D.N.Y. Nov. 3, 2016)
    .................................................................................................................................................. 7

*Garriga v. Blonder Builders Inc.*, 2018 U.S. Dist. LEXIS 171887 (E.D.N.Y. Sep. 28, 2018) ...... 8

*Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363 (S.D.N.Y. 2007)................................. 9

*Juarez v. 449 Rest., Inc.*, 29 F. Supp. 3d 363 (S.D.N.Y. 2014) .................................................... 2

*Khamsiri v. George & Frank's Japanese Noodle Rest. Inc.*, 2012 U.S. Dist. LEXIS 76660
    (S.D.N.Y. June 1, 2012).............................................................................................................. 6

*Khamsiri v. George. & Frank's Japanese Noodle Rest. Inc*., No. 12 Civ. 265, 2012 WL 1981507
    (S.D.N.Y. June 1, 2012).............................................................................................................. 7

*Knox v. John Varvatos Enterprises Inc.*, 282 F. Supp. 3d 644 (S.D.N.Y. 2017)........................... 4

*Mendoza v. Ashiya Sushi 5, Inc.*, 12-CV-8629, 2013 U.S. Dist. LEXIS 132777, 2013 WL
    5211839 (S.D.N.Y. Sept. 16, 2013) ......................................................................................... 9

*Mogollan v. La Abundancia Bakery & Rest. Inc.*, 2019 U.S. Dist. LEXIS 60052 (S.D.N.Y. Apr.
    8, 2019) .................................................................................................................................... 8

*Myers v. Hertz Corp.*, 624 F.3d 537 (2d Cir. 2010)...................................................................... 5

*Oakley v. Servisair, LLC*, No. 13-cv-4191 (ENV) (PK), 2017 U.S. Dist. LEXIS 109921
    (E.D.N.Y. July 11, 2017) .......................................................................................................... 9

*Pefanis v. Westway Diner, Inc.*, No. 08 Civ. 0002, 2008 U.S. Dist. LEXIS 81082 (S.D.N.Y Oct.
    8, 2008) .................................................................................................................................... 7

*Portilla v. Bridgehampton Stone, Inc.,* 2019 U.S. Dist. LEXIS 39686 (E.D.N.Y. Mar. 12, 2019) 9

*Rivera v. Ndola Pharm. Corp*., 497 F. Supp. 2d 381 (E.D.N.Y. 2007) ........................................... 3

*Romero v. La Revise Assocs., L.L.C*., 968 F. Supp. 2d 639 (S.D.N.Y. 2013) ............................... 5

*Salomon v. Adderley Indus*., 847 F. Supp. 2d 561 (S.D.N.Y. 2012) ............................................. 8

*Sanchez v. Gansevoort Mgmt. Group, Inc.*, No. 12 Civ. 75, 2013 WL 208909 (S.D.N.Y. Jan.10, 2013) .................................................................................................................................... 6

*Schear v. Food Scope Am., Inc.*, 297 F.R.D. 114 (S.D.N.Y. 2014) ............................................... 9

*Shajan v. Barolo*, No. 10 Civ. 1385, 2010 U.S. Dist. LEXIS 54581 (S.D.N.Y. June 2, 2010) ...... 1

*She Jian Guo v. Tommy's Sushi Inc*., 2014 WL 5314822 (S.D.N.Y. Oct. 16, 2014) .................... 9

*Spicer v. Pier Sixty LLC*, 269 F.R.D. 321 (S.D.N.Y. 2010) ........................................................ 9

*Walston v. Edward J. Young, Inc.*, 2016 U.S. Dist. LEXIS 22084 (E.D.N.Y. Feb. 22, 2016) ....... 8

*Winfield v. Citibank, N.A*., 843 F. Supp. 2d 397 (S.D.N.Y. 2012) ............................................. 2

*Yahraes v. Rest. Assocs. Events Corp*., 2011 U.S. Dist. LEXIS 23115, 2011 WL 844963 (E.D.N.Y. March 8, 2011) ...................................................................................................... 10

*Yu G. Ke v. Saigon Grill, Inc*., 595 F. Supp. 2d 240 (S.D.N.Y. 2008) .......................................... 3

*Zerilli-Edelglass v. New York City Transit Auth*., 333 F.3d 74 (2nd Cir. 2011) ........................... 10

## REGULATIONS

29 C.F.R. § 785.48 ................................................................................................................ 1, 2

## INTRODUCTION

On October 28, 2021, Plaintiff Harold King filed the instant motion to conditionally certify an FLSA Collective ("Pf. Mem.") consisting "of all current and former non-exempt employees of Defendants whose labor and services Defendants contracted out to clients and partner corporations through Defendants' staffing programs" during the relevant statutory period ("Covered Employees"). ECF. Nos. 76-78. On November 12, 2021, Defendants Fedcap Rehabilitation Services, Inc. and Wildcat Service Corporation filed their Opposition to the instant motion (Df. Mem."). ECF Nos. 82-83. Plaintiffs here submit their Reply. As detailed below, the Opposition is frivolous because Defendants disregard both the facts submitted by Plaintiff and the law governing how those facts must be evaluated.

## ARGUMENT

### I.   Defendants Inappropriately Attempt to Adjudicate Factual Issues

Relying on Mr. Saturn's declaration, Defendants contend that Plaintiff and Covered Employees could not have been time-shaved because (1) Plaintiff and Covered Employees initialed their time sheets and did not request adjustments to the times stated therein (Def. Mem. at 1, 5); (2) Defendants employed a "lawful, bi-lateral rounding policy" that conforms to the requirements of 29 C.F.R. § 785.48 (*Id*. at 6); and (3) Plaintiff and Covered Employees were given free and clear lunch breaks, taking more time for these than was allotted to them (*Id*. at 6).

Defendants' assertions are utterly irrelevant at this stage of the litigation, however, as these raise factual issues that go to the underlying merits of the case, which may not be adjudicated on the instant motion. *See Shajan v. Barolo*, 2010 U.S. Dist. LEXIS 54581, at *3 (S.D.N.Y. June 2, 2010) ("Weighing of the merits is absolutely inappropriate."). Because courts are not to resolve factual disputes on a motion for conditional 216(b) certification, defendants "may not defeat a

1

court's determination that Plaintiffs are similarly situated by submitting their own affidavits." *Colon v. Major Perry St. Corp*., 2013 U.S. Dist. LEXIS 93021, at *14 (S.D.N.Y. July 2, 2013). Accordingly, Mr. Saturn's Declaration should be disregarded.

Even if factual determinations were at play, Defendants would not fare well, given the presently available facts. By attempting to adduce the initialing of timesheets as evidence that they are in compliance with the FLSA, Defendants concede that employees do not actually fill in the times when they begin and end working, as Plaintiff argued in his memorandum in chief. *See* Pf. Mem. at 7, 10. Defendants say that employees could request adjustments to their time sheets if they were inaccurate, but Plaintiff has submitted numerous examples of those time sheets, and they do not contain any spaces where adjustments can be made. *See* Pf. Mem., Exhibits E, H. As Plaintiff argued, employees have to either take or leave it.  They can initial the hours designated by Defendants and be paid, or refuse to do so and not be paid. *See* Pf. Mem. at 7-8. Defendants say they employ a neutral rounding policy that rounds to the nearest quarter hour per the requirements of 29 C.F.R. § 785.48, but such is inconsistent with what may be observed on Defendant's time sheets, where shifts always end exactly as scheduled.  For these to be accurate, we would have to believe none of Defendants' employees have ever finished working at eight minutes past the scheduled ends of their shifts.  *See* Pf. Mem. at 7, 9. Plaintiff has submitted Defendants' handbook, which expressly acknowledges their unlawful rounding down policy. *See* Pf. Mem. at 12, Exhibit K.

Plaintiff observed that Defendant's time sheets contain no entries where employees could actually record the actual duration of their lunch breaks, *see* Pf. Mem. at 6, 8, and Defendants object to this, arguing: "Plaintiff also glibly argues that '[w]e only have Defendants' say-so that they did not deduct any more time than workers actually took off for lunch.' Pl. Brief at p. 8. At

the same time, he asks the Court to accept *his* say-so regarding the alleged violations." Def. Mem. at 11. Unfortunately for Defendants, this asymmetry is built into the law itself, given that they have record-keeping obligations that their employees do not have. That is why, "[i]n the absence of documentation, <u>the employee may rely on [their] own recollection to meet [their] initial burden</u>, in which case the employer must proffer evidence sufficient to rebut that recollection." *Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 254-55 (S.D.N.Y. 2008) (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)) (emphasis added). In other words, Defendants can rebut Plaintiff's say-so only with documentary evidence, not with their own say-so. *See also Rivera v. Ndola Pharm. Corp.*, 497 F. Supp. 2d 381, 388 (E.D.N.Y. 2007) ("When the employer's records are inaccurate or inadequate, the employee may meet this burden 'if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.' … Plaintiff may meet this burden <u>by relying solely on his or her recollection</u>.")  (quoting *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687 (1946)) (emphasis added) .

## II.   Plaintiff Adequately Alleges A Common Policy of FLSA Violations

Defendants argue that Plaintiff cannot point to a common policy or plan that is applied uniformly across the various locations to which Defendants send their workers, given that these locations involve "different programs and contracts in different roles under different levels of supervision and management." Def. Mem. at 2. Plaintiff does not dispute that the conditions at Defendants' various worksites may be different in some respects. However, "[t]he key question for the similarly situated inquiry is not whether plaintiff's job duties are identical to other potential opt-in plaintiffs, but rather, whether the proposed plaintiffs are similarly situated ... with respect to their allegations that the law has been violated." *Chui v. Am. Yuexianggui of Li LLC*, 2020 U.S.

3

Dist. LEXIS 117296, at *12 (E.D.N.Y. July 2, 2020) (citing *Knox v. John Varvatos Enterprises Inc.*, 282 F. Supp. 3d 644, 656 (S.D.N.Y. 2017)).

Defendants offer no reason to doubt that FLSA Collective Plaintiffs are similarly situated *with respect to the allegations at issue in this case*, which is all that matters whatever variations there may be between different worksites. While Defendants vaguely allude to the supposedly vast diversity of their operations, they do not argue that different worksites used different timekeeping systems. They do not say that workers at sites other than Plaintiff's were, unlike him, permitted to write down their start and end times or that the timesheets at those locations had entries to record the actual length of lunch breaks. Nor do Defendants argue that the timesheets of Plaintiff and Ms. Aponte were anomalous because the shifts of other employees elsewhere did not always end exactly on the hour as scheduled. They also do not argue that their handbook expressly endorsing an unlawful rounding down policy applied only to Plaintiff's worksite and that workers elsewhere were not subject to it. And they do not claim that their failure to compensate employees for travel between worksites—alleged by Plaintiff and *proven* by Ms. Aponte's timesheets—represented isolated incidents that other employees did not suffer. See Pf. Mem. at 10-12, Exhibit H.

Defendants object that "Plaintiff has not shown that he has any personal knowledge of policies in effect or work performed at any location other than the few at which he works." Def. Mem. at 9. But, to the extent this could be a problem, it was remedied through the submission of Ms. Aponte's Affidavit, which corroborates that conditions at other worksites were similar to those at Plaintiff's. Defendants attempt to brush aside Ms. Aponte's Affidavit with the observation that her "work experience was vastly different from Plaintiff's" given her different pay rate, job hours, management team, and duties. Def. Mem. at 11-12. But the differences Defendants highlight in fact *strengthen* Plaintiff's argument, because Ms. Aponte's Affidavit reveals that these different

4

work conditions did not prevent Defendants from instituting the same uniform illegal policies, once again showing that Plaintiff and Covered Employees "are similarly situated ... with respect to their allegations that the law has been violated." *Id.* The possibility that they might not be similarly situated with respect other things—like pay rate or specific job duties—is simply irrelevant to the Court's legal analysis.

"Courts generally determine the appropriateness of class certification at two stages: first, on the initial motion for conditional class certification, and second, after discovery." *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 321 (S.D.N.Y. 2007). For this reason, the Second Circuit specifically cautioned that the standard for the first step of certification "should remain a low standard of proof because the purpose of this first stage is merely to determine *whether* 'similarly situated' plaintiffs do in fact exist," *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010).  Plaintiff has far exceeded this low standard of proof, given not only his Declaration but also that of Ms. Aponte and the documentary evidence he has submitted, all of which reveal a set of common employment practices that Defendants implement across their various worksites. Defendants may argue that these practices admit of an innocent explanation, but the Court must rule "not on whether there has been an actual violation of law but rather on whether the proposed plaintiffs are 'similarly situated'… with respect to their allegations." *Romero v. La Revise Assocs., L.L.C.*, 968 F. Supp. 2d 639, 644–645 (S.D.N.Y. 2013).  Defendants will have the option of moving to decertify the FLSA Collective after discovery, should the discovery contravene what the presently available evidence suggests. For the time being, however, Plaintiff has set forth "sufficient indicia of the possibility of a common policy or plan," and that is all he is required to do. *Khamsiri v. George & Frank's Japanese Noodle Rest. Inc.*, 2012 U.S. Dist. LEXIS 76660, at *3 (S.D.N.Y. June 1, 2012) (emphasis added).

### III.    Plaintiff's Affidavit Is More Than Adequate

Responding to the fact that Plaintiff and Ms. Aponte have between them submitted the name of six co-workers who can speak to Defendants' time-shaving violations and the fact that courts in this Circuit regularly rely on hearsay in evaluating 216(b) motions, Defendants argue that the cases upon which Plaintiff relies are distinguishable because the plaintiff's affidavits submitted therein contain far greater factual detail than does Plaintiff King's Declaration.  Def. Mem. at 12. Defendants seize on *Sanchez v. Gansevoort Mgmt. Group, Inc.* as an illustration of the minimum showing that Plaintiff's Declaration supposedly fails to make, writing:

> For example, in *Sanchez v. Gansevoort Mgmt. Group, Inc.*, No. 12 Civ. 75, 2013 WL 208909, at *2 (S.D.N.Y. Jan.10, 2013), the court acknowledged that the "[plaintiff's] affidavit does not suffice to conditionally certify the entirety of plaintiffs' proposed collective action. In particular, it does not speak to a common policy or practice of failing to pay the applicable minimum wage." *Id.* While noting that "plaintiff's affidavit [was] relatively sparse with facts," the court nevertheless granted conditional certification based on its finding that the "defendants [] put forth no reason to suggest that defendant's employees who claim not to have been paid their required overtime premiums should not be able to litigate their claims collectively." *Id.* The court in *Sanchez v. Gansevoort* actually cited, and found distinguishable, cases like this one "where courts have denied conditional certification in the face of minimalist supporting affidavits."

Plaintiff Sanchez's Affidavit in this case is attached to the Declaration of C.K. Lee in Support of Plaintiff's Reply Memorandum ("Lee Declaration") as **Exhibit A**. As the Court can observe, it is far less detailed than Plaintiff King's.  The Sanchez Affidavit is about one-third or one-fourth the length of Plaintiff King's Declaration. Whereas Plaintiff King both names three co-workers who can attest to Defendants' time shaving and describes specific conversations with them, plaintiff Sanchez named no one at all.  Plaintiff King also offers concrete illustrations of how Defendant's time-shaving policies were effectuated, which plaintiff Sanchez also failed to do. Despite these shortcomings, the *Sanchez* court granted conditional FLSA Collective certification. If *Sanchez* sets the minimum standard—as Defendants insist—then Plaintiff King has far exceeded

it.[1] *See Garcia v. Chipotle Mexican Grill, Inc.,* 2016 U.S. Dist. LEXIS 153531, at *21-22 (S.D.N.Y. Nov. 3, 2016) ("Defendant overstates the degree to which Plaintiff's declaration lacks specificity. … the court denied the plaintiff's motion for conditional certification, because—unlike here—the plaintiff did not "provide *any* detail as to a *single* such observation or conversation.").

*Sanchez* is no outlier, as the affadavits in the other cases cited in Plaintiff's memorandum in chief read much like the one in *Sanchez*, proving that Plaintiff King's Declaration more than satisfied the minimum requirements. Attached to the Lee Declaration as **Exhibit B** is the plaintiff's declaration in *Pefanis v. Westway Diner, Inc.*, No. 08 Civ. 0002, 2008 U.S. Dist. LEXIS 81082, at *3-4 (S.D.N.Y Oct. 8, 2008) (granting conditional collective certification in a case with single plaintiff and no opt-ins). Attached to the Lee Declaration as **Exhibit C** is the plaintiff's declaration in *Khamsiri v. George. & Frank's Japanese Noodle Rest. Inc*., No. 12 Civ. 265, 2012 WL 1981507 (S.D.N.Y. June 1, 2012) (granting conditional collective certification based on a single affidavit). Like the *Sanchez* affidavit, these are a fraction of the length of Plaintiff King's Declaration. The *Khamsiri* declaration fails to identify *any* other employees. The *Pefanis* declaration identifes a few but states nothing about their conversations with the plaintiff. Also unlike Plaintiff King's Declaration, these declarations to not describe any specific instances where the defendant violated the FLSA—and yet they sufficed to warrant conditional certification.

---

[1] It is true that the court declined to certify a collective as to Sanchez's minimum wage claims, but that is only because Sanchez neglected to so much as address these claims in her affidavit. As to the claims her affidavit did address, the court certified the Collective, and these were addressed with far less factual detail than may be found in the King Declaration. *See Sanchez v. Gansevoort Mgmt. Group, Inc*., 2013 U.S. Dist. LEXIS 9739, *3-5, 2013 WL 208909 (S.D.N.Y. Jan. 10, 2013) ("Nevertheless, the affidavit does not suffice to conditionally certify the entirety of plaintiffs' proposed collective action. In particular, it does not speak to a common policy or practice of failing to pay the applicable minimum wage. The unverified amended complaint does not, standing alone, suffice to conditionally certify a class on that basis.")

Given all these precedents, Plaintiff King's Declaration standing alone would suffice to justify an FLSA Collective. Of course, that Declaration does not stand alone, as it is accompanied by the Aponte Affidavit as well as all the documentary evidence Plaintiff has submitted with his 216(b) motion, including the handbook authorizing an illegal rounding down policy (which Defendants' Opposition does not so much as address)

## IV.   Plaintiff's Proposed Notice and Notice Procedures Are Proper

Defendants claim that Plaintiff's proposed time period for his proposed 216(b) notices and those notices' references to the NYLL are improper. Def. Mem. at 16-17. However, a number of District Courts in this Circuit "have held that where a case involves both NYLL and FLSA claims, it promotes judicial economy to send notice of the lawsuit to all potential plaintiffs at the same time even though some individuals may only have timely NYLL claims." *Anjum v. J.C. Penney Co*., 2015 U.S. Dist. LEXIS 73820, at *32 (E.D.N.Y. June 5, 2015); *see, e.g., Garriga v. Blonder Builders Inc.*, 2018 U.S. Dist. LEXIS 171887, at *20 (E.D.N.Y. Sep. 28, 2018); *Mogollan v. La Abundancia Bakery & Rest. Inc.*, 2019 U.S. Dist. LEXIS 60052, at *14 (S.D.N.Y. Apr. 8, 2019); *Cohan v. Columbia Sussex Mgmt., LLC*, 2013 U.S. Dist. LEXIS 187539, at *27 (E.D.N.Y. Sep. 19, 2013); *Salomon v. Adderley Indus*., 847 F. Supp. 2d 561, 566 (S.D.N.Y. 2012); *Walston v. Edward J. Young, Inc.*, 2016 U.S. Dist. LEXIS 22084, at *21 (E.D.N.Y. Feb. 22, 2016). Therefore, to promote judicial efficiency and the remedial aims of both the FLSA and NYLL, the Court should follow the well-reasoned decisions cited herein.

Defendants also argue that, should the instant motion be granted, they should not be required to produce telephone numbers and email addresses. *See* Def. Mem. at 20. However, Courts have routinely compelled defendants to produce such information, finding that "[p]ractical requests with respect to disseminating notice and reminders, such as dissemination via email and

text messages, further the purpose of notice of a collective action under the FLSA*." Portilla v. Bridgehampton Stone, Inc.,* 2019 U.S. Dist. LEXIS 39686, at *29-30 (E.D.N.Y. Mar. 12, 2019); *Bhumithanarn v. 22 Noodle Mkt. Corp*., 14 Civ. 2625, 2015 U.S. Dist. LEXIS 90616, 2015 WL 4240985, at *5 (S.D.N.Y. July 13, 2015); *see also Anglada v. Linens 'n Things, Inc.*, 2007 U.S. Dist. LEXIS 39105, at *22 (S.D.N.Y. Apr. 26, 2007); *Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, at 369-70 (S.D.N.Y. 2007); *Spicer v. Pier Sixty LLC*, 269 F.R.D. 321, 339 (S.D.N.Y. 2010); *Schear v. Food Scope Am., Inc.*, 297 F.R.D. 114, 130 (S.D.N.Y. 2014). Therefore, the Court should require that Defendants produce class members' telephone numbers and email addresses.

Defendants request that the opt-in forms be sent to the Clerk of Court rather than Plaintiff's counsel. However, "while courts in this district have not come to a consensus on this issue, '[t]he majority of courts [] have directed opt-in plaintiffs to mail the consent form to plaintiffs' counsel.'" *Agerbrink v. Model Serv. LLC*, 2016 U.S. Dist. LEXIS 12486, at *14 (S.D.N.Y. Feb. 2, 2016) (citing *She Jian Guo v. Tommy's Sushi Inc*., 2014 WL 5314822 (S.D.N.Y. Oct. 16, 2014)). Therefore, the opt-in forms should be sent to Plaintiff's counsel.

Defendants object to the posting of notices at their worksites. However, courts have found that "[a]lthough posting the notice on the business premises may be duplicative for some individuals, given the potential complications that arise with direct notification, posting helps ensure that all potential class members are informed about the litigation." *Oakley v. Servisair, LLC*, No. 13-cv-4191 (ENV) (PK), 2017 U.S. Dist. LEXIS 109921, at *41-42 (E.D.N.Y. July 11, 2017); *Mendoza v. Ashiya Sushi 5, Inc.*, 12-CV-8629, 2013 U.S. Dist. LEXIS 132777, 2013 WL 5211839, at *9 (S.D.N.Y. Sept. 16, 2013). Therefore, Defendants should be required to post notices in their place of business.

## V.   Limitations Period Should Be Equitably Tolled

Defendants object to Plaintiff's request for the equitable tolling of the FLSA limitations period.  But such is warranted when the party requesting it "(1) has acted with reasonable diligence during the time period she seeks to have tolled, and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." *Yahraes v. Rest. Assocs. Events Corp.*, 2011 U.S. Dist. LEXIS 23115, *4, 2011 WL 844963 (E.D.N.Y. March 8, 2011) (quoting *Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80-81 (2nd Cir. 2011). Those conditions obtain here.  As Defendants acknowledged in their failed Motion to Enforce Settlement, the parties spent a great deal of time attempting to negotiate a settlement. *See* ECF No. 48 at 1 ("From nearly the inception of this action in February 2020, the parties agreed to engage in settlement discussions to fully resolve the instant dispute without resorting to litigation."). Only when it became clear that these discussions would not succeed did it make sense for Plaintiff to move for conditional certification of an FLSA. Seeing as the entire purpose of these discussions was to reduce both parties' litigation costs, moving for such any earlier would have scuttled the settlement discussions. Plaintiff initially moved for conditional certification on July 22, 2021 (ECF No. 42-44), but the motion was, on Defendants' request, stayed by the Court's order of July 26, 2021 (ECF No. 46) pending the resolution of Defendants' Motion to Enforce Sanctions. That motion was denied only on September 16, 2021 (ECF No. 65), and Plaintiff proceeded to refile an amended version of his 216(b) motion on October 8, 2021. Against this backdrop, Plaintiff's delay in filing the instant motion was far from gratuitous, it being the result of (1) Plaintiff's willingness to engage good-faith settlement negotiations with Defendants and (2) Defendants' frivolous Motion to Enforce Settlement. Accordingly, the FLSA limitations period should be equitably tolled to the filing of the Complaint.

Dated: New York, New York                    Respectfully submitted,

       December 1, 2021

                                    By:    */s/ C.K. Lee*
                                             C.K. Lee, Esq.

                                           Lee Litigation Group, PLLC
                                           C.K. Lee (CL 4086)
                                           Anne Seelig (AS 3976)
                                           148 West 24th Street, 8th Floor
                                           New York, NY 10011
                                           Tel: (212) 465-1188
                                           Fax: (212) 465-1181
                                           *Attorneys for Plaintiff,*
                                           *FLSA Collective Plaintiffs and the Class*