# Lee Litigation Group, PLLC

148 West 24th Street, 8th Floor
New York, NY 10011
Tel: 212-465-1188
Fax: 212-465-1181
info@leelitigation.com

Writer's Direct:  (212) 465-1188
cklee@leelitigation.com

December 14, 2021

**Via ECF**
Hon. Vernon S. Broderick, U.S.D.J.
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *King v. Fedcap Rehabilitation Services, Inc. et al*
               Case No. 20-cv-01784

Dear Judge Broderick:

      We are counsel to Plaintiff in the above-captioned case. Plaintiff writes jointly with Defendants, pursuant to Your Honor's Individual Rules and Practices §3 and Plaintiff respectfully request a conference with the Court to address the following discovery issues:

1. **Class Discovery**
2. **E-Discovery**
3. **Depositions**

Plaintiff and Defendants ("the Parties") through their counsel, met and conferred by phone on December 8, 2021 for approximately forty-five (45) minutes regarding the above discovery disputes, but are unable to resolve these disputes without judicial intervention.

## Plaintiffs' Positions

### (1) Class Discovery

      During Parties' December 8, 2021, meet and confer, Defendants made explicitly clear, that they will not be providing class documents until either collective or class certification. Such objection is improper.

      It is well-established that in wage and hour cases, pre-class certification discovery of putative class member is permissible and necessary to assist in demonstrating that representative plaintiffs can satisfy Rule 23 criteria.

      In *Lobato v. Great Kills Marina Cafe Inc. et al.*, No. 18 Civ. 5579, Dkt. No. 27 (E.D.N.Y. July 16, 2019), Hon. Sanket J. Bulsara, U.S.M.J. stated in the face of the same objection Defendants here bring:

> "[T]here are assertions in those papers that border on legally frivolous … There are arguments that are frankly flatly inconsistent with the Federal Rules of Civil Procedure and, frankly, make little sense to me. I'll give you an example: The letter says, for instance, that the plaintiffs are not entitled to any class discovery unless a motion for class certification is filed. That's simply not the law. It's a gross mischaracterization of the law. It's also a gross mischaracterization of what discovery means. ... those are highly problematic assertions that are not supportable by any reasonable interpretation of the case law."

Plaintiff's Document Requests are clearly relevant, and Plaintiff is entitled to responses to requests seeking "sufficient information to determine whether certification is appropriate." *See Santiago v. Rivka, Inc.*, No. 15 Civ. 9184, Dkt No. 51 (S.D.N.Y. May 26, 2016) (granting plaintiff's request to compel discovery because "[d]efendants' position – refusing to produce discovery about putative collective action members, then opposing certification because [p]laintiff lacks that discovery – *manufactures a Catch-22*.") (emphasis added).

Moreover, it is well-established that pre-certification discovery of covered employees contact information is permissible in class and collective actions. *See Youngblood v. Family Dollar Stores, Inc.*, 2011 U.S. Dist. LEXIS 52821 (S.D.N.Y. 2011) ("Indeed, a number of courts, in this district and elsewhere, have concluded that pre-certification disclosure of the names and addresses of putative class members in wage and hour cases is appropriate.") (collecting cases); *see also Sirota v. Solitron Devices, Inc.*, 673 F.2d 566, 571 (2d Cir. 1982); *In re Initial Public Offering Securities Litigation*, 471 F.3d 24, 41 (2d Cir. 2006).

For the reasons stated herein, the Court should compel the above-referenced discovery.

**(2) E-Discovery**

At the meet and confer on December 8, 2021, Plaintiff requested class discovery, including e-discovery, from Defendants. Plaintiff requested the names of contemplated custodians and any objections to the search terms in Plaintiff's First Request for Production of Documents. Defendant's refused to provide responses to search terms as well refused to provide the names of custodians. Defendants repeatedly stated their refusal to provide Plaintiff with any class discovery nor e-discovery searches with search terms into custodians' emails. Courts in this Circuit have allowed pre-class certification discovery, including e-discovery, of putative class members before a motion for class certification is filed.

**(3) Rule 30(b)(6) Deposition Topics**

Prior to the meet and confer on December 8, 2021, Defendants sent Plaintiff a letter outlining all disputes regarding topics on Defendants' Notice of Rule 30(b)(6) Deposition of Defendants Fedcap and Wildcat. See **EXHIBIT A** for a list of dispute topics. The parties have resolved a number of the disputes, but the following disputes still remain.

**Topic I.** Defendants initially stated part of the reason was that the definition of Covered Employees was unclear because it did not state the period of time. Plaintiff clarified that it was for the statutory 6-year period before the filing of the Complaint. Defendants continued to act confused as to the meaning of Covered Employees. Plaintiff clarified that Covered Employees meant the contemplated class as plead in the Complaint. Defendants continued to object.

**Topic IV and V.** Defendants object because they say that employees did not continue to work after clocking out. Obviously, this is an issue of fact that needs to be litigated and Defendants' objections are baseless.

**Topic VI.** Plaintiff agreed to limit Topic VI to FLSA and NYLL. Defendants still have not withdrawn their objections.

**Topic VIII and IX.** Plaintiff agreed to limit the request to named Defendants. Defendants' continued objection is baseless.

**Topic X and XI.** Plaintiff believes these topics go to whether Defendants operate as a common enterprise. Defendants still objects.

**Topic XII.** Discovery on job duties may be factors to consider in determining the class. Defendants' continued objection is baseless

**Topic XIII.** Wage statements are critical for determining the facts of the case. Defendants' continued objection is baseless.

**Topic XIV.** Work schedules for Plaintiff and Covered Employees are critical to damages and ascertaining a class. Defendants' continued objection is baseless.

**Topic XV.** Plaintiff agrees to withdraw as relating to Covered Employees. Defendants continue to object relating to Plaintiff.

**Topic XVI.** Plaintiff clarified that this topic relates to factors that may be used to consider a single integrated enterprise. Defendants object to this as beyond the scope.

**Topic XXII and XXIII.** Plaintiff agreed to limit this topic to race discrimination. Defendants still refuse to withdraw their objection.

<p align="center"><u>**DEFENDANTS' POSITIONS:**</u></p>

**(1) <u>Class Discovery</u>**

As stated above and conveyed to Plaintiff's counsel on December 8, Defendants respectfully submit that there is no current dispute ripe for the Court's consideration and adjudication. Further, the parties did not meet and confer on any specific request by Plaintiff for class discovery. Therefore, Defendants request that the Court defer any conference on this issue until such time as Defendants serve their discovery responses and the parties have an opportunity to meet and confer regarding any disputes that may arise.

In the event the Court declines to defer this issue, Defendants submit that discovery of documents and information regarding individual members of a putative Rule 23 class is premature and disproportionate, as no motion for class certification has been filed and no class has been certified. Further, there is no basis to engage in discovery relative to members of a putative FLSA collective before any conditional collective is certified, because the definition and scope of any purported collective currently remains pending before the Court remains undecided.[1] *See Beaton v. Verizon New York, Inc.*, 20-CV-672 (BMC), 2020 WL 6449235, *3 (E.D.N.Y. Nov. 3, 2020) (denying motion to compel production of pay rates, weekly schedules, wage statements and other records relative to "covered employees," defined as the members of the potential class, because, among other reasons, the plaintiff failed to establish the relevance of such information and did not discuss the need for the information in light of discovery already provided by the defendant, and it would be unduly burdensome where the defendant provided a Rule 30(b)(6) deponent to testify about policies regarding wage and hour notices and reporting time); *Heras v. Metropolitan Learning Institute*, 19-CV-2694, 2021 WL 329056, *1-2 (E.D.N.Y. July 30, 2021) (same).

**(2) <u>E-Discovery</u>**

Defendants submit that there is no dispute regarding e-discovery that is ripe for adjudication. During the parties' meet and confer, Defendants advised Plaintiff's counsel that they will produce relevant electronic documents, including Plaintiff's paystubs and timesheets. Defendants also advised Plaintiff's counsel that Plaintiff did not have a Fedcap or Wildcat email address, and therefore, there is minimal ESI in this case. Nevertheless, Defendants confirmed they will search for relevant electronic documents. Under these circumstances, the overbroad and unduly burdensome search Plaintiff demands Defendants undertake is not warranted.

**(3) <u>Rule 30(b)(6) Deposition Topics</u>**

Following the parties' December 8 meet and confer, Plaintiff's counsel provided on December 9, 2021 a draft joint letter to the Court setting forth Plaintiffs' positions above, and

---

[1] Defendants dispute that this case is appropriate for class or collective treatment for the reasons set forth in their opposition to Plaintiff's motion for conditional certification. (DE 83.)

requested that Defendants provide their positions on these issues within 72 hours. Defendants did so on December 13, 2021, and counsel for Defendants advised counsel for Plaintiff that, following from the parties' meet and confer, Defendants would serve amended objections to the topics identified in Plaintiff's Notices of Rule 30(b)(6) Deposition by December 15, which would likely moot a number of the disputed topics referenced below, and, to that end, requested Plaintiff to hold the present letter in abeyance until Plaintiff has had an opportunity review the amended objections, and further revise the instant letter as appropriate to accurately reflect the actual disputes at issue. Counsel for Plaintiffs refused to do so.

**Topic I.** Defendants' objection to Topic I was not, as Plaintiff claims, "that the definition of Covered Employees was unclear because it did not state the period of time." Rather, Defendants objected to the definition of "Covered Employees" as it is impermissibly greater in scope than the non-exempt job positions referenced in the First Amended Complaint, i.e., those non-exempt employees who were employed by Defendants through their job placement programs. (*See* Am. Compl., DE 10, ¶¶ 15, 18.) Based on Plaintiff's representation that the Covered Employees means the putative class as pleaded in the Complaint, Defendants withdraw their objection to Topic I.

**Topic IV and V.** Defendants object to Topics IV and V because, as drafted, they are predicated upon Plaintiff's allegations forming the basis for his claims in this case, which Defendants have denied from the outset, and therefore assumes facts that are clearly in dispute. Defendants already agreed to produce a 30(b)(6) witness who will testify regarding Defendants' compensation and payroll policies and practices applicable to Plaintiff during the relevant time period.

**Topic VI.** Defendants' objection to Topic VI was based solely on the fact that, as initially drafted, it encompassed numerous unnamed federal and state employment laws, many of which neither Fedcap nor Wildcat is subject to and which did not apply to Plaintiff or any other non-exempt employees who worked in Defendants' job placement programs. As narrowed to the FLSA and NYLL, Defendants withdraw their objection to this topic.

**Topic VIII.** As limited to the two named Defendant entities, Defendants withdraw their objection to Topic VIII based on overbreadth, vagueness, and ambiguity. Defendants maintain their objections based on irrelevance and proportionality, as Defendants' corporate structure has no bearing on either the collective and class wage and hour claims and defenses or Plaintiff's individual claims in this case.

**Topic IX.** Plaintiff's "limitation" does not render Topic IX any less objectionable because even as initially drafted, it seeks information solely about Defendants Fedcap and Wildcat. Defendants maintain their objections to this topic on the grounds of irrelevance and proportionality. As Plaintiff well knows based on prior filings in this case, both Fedcap and Wildcat are non-profit entities, and therefore, have no equity owners. The identity of Defendants' corporate officers is not relevant to any of the wage and hour class and collective claims or individual claims, or Defendants' defenses. Even assuming *arguendo* that this topic were relevant, soliciting testimony from Defendants' corporate representatives with respect to simply identifying corporate officers surpasses the proportional needs of the case.

**Topic X.** The information sought in Topic X is irrelevant as it has no bearing on Plaintiff's class and collective wage and hour claims or individual claims, or Defendants' defenses. Similar to Topic IX, soliciting testimony from Defendants' corporate representatives with respect to simply identifying such information surpasses the proportional needs of the case.

**Topic XI.** Defendants disagree that the vague topic of "vendor contracts or relationships with vendors generally by Defendants" is probative of whether they operate as a common enterprise. Defendants' vendor contracts and relationships are irrelevant to the facts and circumstances and legal issues pertinent to Plaintiff's class and collective wage and hour claims or individual claims,

or Defendants' defenses. Defendants maintain their objections to Topic XI based on relevancy and proportionality.

**Topic XII.** Defendants object to Topic XII on the grounds of relevancy and proportionality. Defendants have not asserted that Plaintiff was exempt from the overtime requirements of the FLSA and NYLL, and therefore, neither the job classification nor the overtime eligibility of Plaintiff or any other employee is at issue in this case. Thus, job duties and responsibilities are not relevant to Plaintiff's class and collective wage and hour claims. Further, soliciting testimony from Defendants' corporate representatives about job duties and responsibilities is unnecessary and surpasses the proportional needs of this case, as Defendants will produce the relevant job description.

**Topic XIII.** Defendants object to Topic XIII because, among other reasons, wage statements and notices relevant only to Plaintiffs' Rule 23 claims that have not yet been certified, and as such, is premature. Further, soliciting testimony from Defendants' corporate representatives about "wage statements and wage and hour notices" is unnecessary and surpasses the proportional needs of this case, as Defendants will produce Plaintiff's wage statements and notices.

**Topic XIV.** As stated in Defendants' section (1), Topic XIV is premature at this pre-certification stage, and further, it is inappropriate for a 30(b)(6) deposition, as it is overly burdensome to solicit testimony from corporate representatives from Fedcap and Wildcat with respect to simply identifying the work schedule and rate of pay of Plaintiff and other employees.

**Topic XV.** Defendants' objection to Topic XV was based solely on its inclusion of facts and circumstances regarding the purported termination of any employee's employment other than Plaintiff, as Plaintiff has asserted only individual claims relating to his separation from employment with Defendants. As limited to Plaintiff only, Defendants withdraw their objections to this topic.

**Topic XVI.** Defendants' objection to Topic XVI is based on the grounds that it calls for a corporate representative of Defendants to draw legal conclusions, even as limited or "clarified" by Plaintiff.

**Topic XXII and XXIII.** Defendants acknowledge Plaintiff's limitation of Topics XXII and XIII to race discrimination, however, they maintain their objections to this topic as beyond the scope of the instant lawsuit. Prior investigations, lawsuits, and legal proceedings involving different individuals working in different positions under different supervisors and managers and different facts from Plaintiff are simply not relevant to Plaintiff's individual claims in this case.

<center>*     *     *</center>

In view of the foregoing, the parties request the Court's attention to the above matters and respectfully request an Order resolving the parties' disputes, or a conference to discuss the same.

We appreciate Your Honor's consideration.

Respectfully submitted,

<div style="display:flex">
<div>

For Defendants:

By:  /s/ *Adriana S. Kosovych*
Jeffrey H. Ruzal, Esq.
Adriana S. Kosovych, Esq.
Epstein Becker & Green, P.C.
875 Third Avenue
New York, New York 10022
Telephone: (212) 351-4500
jruzal@ebglaw.com
akosovych@ebglaw.com

</div>
<div>

For Plaintiff:

By:  */s/ C.K. Lee*
C.K. Lee, Esq.
Anne Seelig, Esq.
Lee Litigation Group, PLLC
148 West 24th Street, Eighth Floor
New York, New York 10011
Telephone: (212) 465-1188
cklee@leelitigation.com
anne@leelitigation.com

</div>
</div>